UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Julie Alberts,<br><br>         Plaintiff,<br>v.<br><br>Enerson Law, LLC,<br><br>         Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND PARTIES

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Plaintiff Julie Alberts is a natural person who resides in the County of Kent, State of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as defined by M.C.L. § 339.901(f).

7. Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Enerson Law, LLC, is a Wisconsin limited liability company, with its principal place of business located in Brookfield, Wisconsin.

10. Defendant uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

13. Defendant is not licensed to collect consumer debt by the Michigan Department of Licensing and Regulatory Affairs.

## FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant contacted Plaintiff regarding a financial obligation that was primarily for personal, family, or household purposes.

15. The alleged obligation Defendant was seeking to collect is a "debt" as that term is defined 15 U.S.C. § 1692a(5).

16. The alleged obligation Defendant was seeking to collect is a "debt" as that term is defined MCL § 339.901(a).

17. Before Defendant began contacting Plaintiff, Defendant had no prior business relationship with Plaintiff.

18. Plaintiff never provided express consent to Defendant to be contacted on her phone.

19. Within the twelve months immediately preceding the filing of this Complaint, Defendant contacted Plaintiff on multiple occasions in connection with the collection of a debt belonging to an individual named Anthony.

20. In 2015, Defendant began calling Plaintiff's phone in an attempt to collect the debt of individual named Anthony.

21. On numerous occasions Defendant left a prerecorded or synthesized voicemail message.

22. On other occasions, when the Plaintiff would answer the phone, she would hear a prerecorded or synthesized message.

23. Plaintiff informed Defendant that it had called the wrong individual.

24. Plaintiff informed Defendant that it had called the wrong telephone number.

25. Plaintiff voiced her desire that Defendant stop calling her.

26. On other occasions, when the Plaintiff would answer the phone, he would hear nothing and the call would disconnect.

27. Plaintiff attempted multiple times to navigate the Defendant's automated system to get Defendant to stop calling her.

28. After being told to stop calling, and within the twelve months immediately preceding the filing of this Complaint, Defendant called Plaintiff's phone on one or more occasions.

29. After navigating the automated system to indicate her request for Defendant to stop calling, and within the twelve months immediately preceding the filing of this Complaint, Defendant again called Plaintiff's telephone.

30. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this matter.

31. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of frustration, and upset, amongst other negative emotions.

## **TRIAL BY JURY**

32. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**
### **VIOLATIONS OF THE**
### **FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692** *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

35. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

36. Defendant violated 15 U.S.C. § 1692d, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

37. Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38. Defendant violated 15 U.S.C. § 1692e.

39. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect a debt.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC.

43. Defendant's violated M.C.L. § 339.915(f)(ii).

44. Defendant's violated M.C.L. § 339.915(n) by using a harassing method to collect a debt.

45. Defendant's violated M.C.L. § 339.915(n) by using an oppressive method to collect a debt.

46. Defendant's violated M.C.L. § 339.915(n) by using an abusive method to collect a debt.

47. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent MOC violations by Defendant's employees.

48. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                        Respectfully submitted,

                        GOLDEN LAW OFFICES, P.C.

Dated:  December 5, 2016

                        /s/ B. Thomas Golden
                        B. Thomas Golden (P70822)
                        Attorney for the Plaintiff
                        2186 West Main Street
                        P.O. Box 9
                        Lowell, Michigan 49331
                        Telephone: (616) 897-2900
                        Facsimile: (616) 897-2907
                        btg@bthomasgolden.com